# EXHIBIT 2
# AMENDED STATE COURT COMPLAINT

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>Sixth     JUDICIAL CIRCUIT<br>COUNTY | **SUMMONS** | **CASE NO.**<br>2023-198777-CD |
|---|---|---|

| Court address | Court telephone no. |
|---|---|
| 1200 North Telegraph Road, Department 404, Pontiac, Michigan 48341-0404 | (248) 858-0344 |

| Plaintiff's name, address, and telephone no.<br>Joseph Resendez<br>c/o Ledermanlaw, PC<br>838 West Long Lake Road, Suite 100<br>Bloomfield Hills, Michigan 48302 | v | Defendant's name, address, and telephone no.<br>FCA US LLC<br>1000 Chrysler Drive<br>Auburn Hills, Michigan 48326<br>(248) 576-5741 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Howard Yale Lederman (P36840)<br>838 West Long Lake Road, Suite 100<br>Bloomfield Hills, Michigan 48302 | | This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling. |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☑ this court, ☐ _____ Court, where it was given case number 2023-198777-CD and assigned to Judge Martha Anderson _____

The action ☑ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>5/17/2023 | Expiration date*<br>AUG 16 2023 | Court clerk<br>Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23) **SUMMONS**                       MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

*(left margin:)* 5/16/2023 8:48 PM    Oakland County Clerk    Received for Filing    FILED

Summons  (3/23)                                              Case No. 2023-198777-CD

## PROOF OF SERVICE

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

☐ I served   ☐ personally   ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached)   a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| | |
| **Place or address of service** | |
| | |
| **Attachments (if any)** | |
| | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | | Signature |
|---|---|---|---|---|
| $ | | $ | | |
| Incorrect address fee | Miles traveled | Fee | TOTAL FEE | Name (type or print) |
| $ | | $ | $ | |

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____
Attachments (if any)                        Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

STATE OF MICHIGAN

IN THE OAKLAND COUNTY CIRCUIT COURT

JOSEPH RESENDEZ,

      Plaintiff,

VS

FCA US LLC, STEVEN SANFORD,
CHELSEA MILLSAP, ROY RODRIGUEZ,
AND ROBERT WAGNER,
Jointly and Severally,

      Defendants.

THE HON MARTHA ANDERSON

CASE NO. 2023-198777--CD

_____/

LEDERMANLAW, PC
BY: Howard Yale Lederman (P36840)
Attorneys for Plaintiff
838 West Long Lake Road, Suite 100
Bloomfield Hills, Michigan 48302
(248) 792-0496
hledermanlaw@gmail.com

_____/

### FIRST AMENDED COMPLAINT

      There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the Complaint.

      PLAINTIFF JOSEPH RESENDEZ [PLAINTIFF RESENDEZ], by his undersigned counsel, LEDERMANLAW, PC, complains against DEFENDANT FCA US LLC [DEFENDANT FCA], DEFENDANT STEVEN SANFORD [DEFENDANT SANFORD], DEFENDANT CHELSEA MILLSAP [DEFENDANT MILLSAP], DEFENDANT ROY RODRIGUEZ [DEFENDANT RODRIGUEZ], and DEFENDANT ROBERT WAGNER [DEFENDANT WAGNER] under the US Civil Rights Act of 1964, 42 USC Sec 200e et seq, and the Michigan Elliott-Larsen Civil Rights Act [MELCRA], MCL 37.2101 et seq,

1

FILED   Received for Filing   Oakland County Clerk   5/16/2023 8:34 PM

for racial and national origin discrimination and under relevant federal and state common law for breach of employment agreement as follows:

## PARTIES, JURISDICTION AND VENUE

1.   At all relevant times, Plaintiff Resendez has been a resident of the City of Fraser, County of Macomb, State of Michigan.

2.   At all relevant times, on information and belief, Defendant FCA having its principal place of business in the City of Auburn Hills, County of Oakland, State of Michigan, and its registered service of process agent in the City of South Lyon, County of Oakland, State of Michigan (Exhibit 1, FCA Profile), owned and operated the relevant FCA manufacturing facility, the Mack Assembly Plant, located in the City of Detroit, County of Wayne, State of Michigan.

3.   On information and belief, Defendant Sanford was a Paint Supervisor working in the Mack Assembly Plant, the relevant FCA facility.

4.   On information and belief, Defendant Millsap was an FCA Human Resources Department supervisor.

5.   On information and belief, Defendants Rodriguez and Wagner were FCA supervisors working in the Mack Assembly Plant, the relevant FCA facility. Defendant Rodriguez was a Maintenance Area Supervisor. Defendant Wagner was also a Maintenance Area Supervisor.

6.   On information and belief, all known events leading to this lawsuit occurred at the above relevant FCA Mack Assembly Plant or at the above principal place of business.

2

7.   Plaintiff Resendez claims damages exceeding $25,000, excluding litigation and statutory attorney fees, costs, and interest.

8.   Based on paragraphs 1-7 above, this Court has subject matter jurisdiction over Plaintiff Resendez's claims.

9.   Based on paragraphs 1-7 above, this Court has personal jurisdiction over Defendants.

10. Based on paragraphs 1-7 above, Oakland County is proper venue.

## FACTUAL ALLEGATIONS

11. Plaintiff Resendez incorporates his above Parties, Jurisdiction, and Venue Allegations into his Factual Allegations by reference.

12. During the relevant time period, Plaintiff Resendez was one of the few Mexican Americans working as a skilled tradesperson in the FCA Mack Assembly Plant.

13. On July 20, 2020, Plaintiff Resendez began working for Defendant FCA at the above relevant Mack Assembly Plant, Paint Department, as an industrial controls employee.

14. On or about May 26, 2022, Defendant FCA transferred him from the Mack Assembly Plant's Paint Department to its General Assembly Department.

15. On May 11, 2022, about 11:15 PM, while working at the Mack Assembly Plant's paint department  above relevant as an industrial controls employee, Plaintiff Resendez had a heart attack.

16. An ambulance rushed him to St. John's Ascension Hospital on 22101 Moross

Road, Detroit, Michigan 48236.

17. On May 12, 2022, about an hour after leaving the Mack Assembly Plant above in an ambulance, he received a text message from Defendant Sanford reading: "Joe[,] you should have notified a Supervisor [that] you were leaving your work area[.] [W]e just talked about this[.] [A]lso[,] we have to write you a medical pass to go to MN Medical[.] I called Chris [Jones] and Jen [Renaud] to see if you reported to them when you were leaving[,] and they said no." (Exhibit 2, 5/11/22 Plaintiff Resendez Write-Up; Exhibit 4, 5/25/22 Plaintiff Resendez Statement of Facts)

18. On May 11, 2022, at about 11:15 PM, Plaintiff Resendez had texted Defendant Sanford: "Steve, I'm not feeling too hot[.] I'm going to [M]edical, and hope it's in my mind." (Exhibit 2, 5/11/22 Plaintiff Resendez Write-Up; Exhibit 3, 5/19/23 Plaintiff Resendez Memo; Exhibit 4, 5/25/22 Plaintiff Resendez Statement of Facts; Exhibit 5, 5/26/22 Plaintiff Resendez Write-Up; Exhibit 13, 5/12/22-5/14/22 Plaintiff Resendez Medical Records; Exhibit 14, 5/17/22 Plaintiff Resendez Write-Up)

19. Plaintiff Resendez replied to Defendant Sanford's text message: "I'm in the hospital right now." Plaintiff Resendez's blood pressure was 176/110, "and I was sweating profusely. Seconds count when having a heart attack. I had two splents put in my heart." (Exhibit 4, 5/25/22 Plaintiff Resendez Statement of Facts) He was in the hospital for about three days. (Exhibit 13, 5/12/22-5/14/22 Plaintiff Resendez Medical Records) His doctor disabled him from work for about 10 days.

20. Since his work disablement expired on May 24, 2022, on the next day, May 25,

2022, at his regular time, 9:30 PM. Plaintiff Resendez returned to work. (Exhibit 2, 5/11/22 Plaintiff Resendez Write-Up)

21. On his return, Chris Jones notified him to report to Defendant FCA's Labor Department at the Mack Assembly Plant. (Exhibit 2, 5/11/22 Plaintiff Resendez Write-Up)

22. After he reported to the Labor Department, on information and belief, an FCA Human Resources manager suspended him from his employment for not notifying his supervisor, not getting his/her permission to leave his work area, and threatening a supervisor. (Exhibit 2, 5/11/22 Plaintiff Resendez Write-Up)

23. On information and belief, Defendant Sanford engineered Plaintiff Resendez's suspension from his employment.

24. In his situation, nobody else had to obtain a supervisor's permission before leaving the Mack Assembly Plant because of a medical emergency.

25. On or about January 24, 2022, Defendant FCA again suspended him for using the radio. "On January 24, 2022[,] at approximately 1am, Joseph Resendez engaged in inappropriate and unruly discussion over the radio. He has been instructed to speak and behave professionally to his coworkers. Joseph admitted that his comment over the radio was `bad judgment, quid pro quo. If you treat me nice, I'll treat you nice. If you treat me like an ass, I'm going to treat you like an ass." Defendant Millsap signed this document. (Exhibit 6, 1/24/22 FCA DACM Supervisor's Report)

26. Plaintiff Resendez denies these allegations. Further, Defendant FCA's

managers and supervisors have not sanctioned any similarly situated white employees for similar conduct.

27. On or about November 28, 2022, Defendant FCA, HR, Defendants Rodriguez and Wagner, suspended him for three days for using the radio. "Joe has been told numerous times to stop playing around on his radio and making unnecessary comments to other associates. Joe is now making threats to his fellow co-workers on the radio." (Exhibit 7, 11/28/22 FCA Detroit Assembly Complex-Supervisor's Report; Exhibit 7, 11/29/22 FCA Detroit Assembly Complex-Supervisor's Report) Plaintiff Resendez denies these allegations. Further, on information and belief, Defendant FCA's managers and supervisors have not sanctioned any similarly situated white employees for similar conduct.

28. On or about October 21, 2022, Plaintiff Resendez timely claimed racial and national origin discrimination with the US Equal Employment Opportunity Commission [EEOC] and the Michigan Department of Civil Rights. (Exhibit 9, Est 10/21/22 Plaintiff Resendez Charge of Discrimination)

29. On November 16, 2022, without any known investigation of Plaintiff Resendez's racial and national origin discrimination claims, the EEOC dismissed his claims without evaluating and determining their merits and forwarded to him a Right-To-Sue Notice. (Exhibit 10, 11/16/22 EEOC Determination and Notice of Rights)

30. On December 7, 2022, the EEOC denied his motion for reconsideration of its decision. (Exhibit 11, 12/7/22 EEOC Letter)

31. As proximate results of Defendant FCA's and the Individual Defendants'

racial and national origin discrimination, Plaintiff Resendez has suffered significant damages, including but not limited to:

> A. Compensatory damages, such as earnings and fringe benefits.
>
> B. Lost Career Opportunities.
>
> C. Emotional damages, such as anxiety, embarrassment, and humiliation.
>
> D. Litigation costs and attorney fees.

## COUNT I—MELCRA RACIAL AND NATIONAL ORIGIN DISCRIMINATION

32. Plaintiff Resendez incorporates his above Parties, Jurisdiction, and Venue Allegations and Factual Allegations into his Count I Allegations by reference.

33. Plaintiff Resendez is a Mexican-American person.

34. Under the Michigan Elliott-Larsen Civil Rights Act of 1976, MCL 37.2021 et seq, at all relevant times, Plaintiff Resendez was an employee, Defendant FCA was his employer, and Defendants Sanford, Millsap, Rodriguez, and Wagner were Defendant FCA's agents, managers, and supervisors.

35. On January 24, 2022 and November 28, 2022, Defendant FCA Corporation suspended Plaintiff Resendez from his employment based on his race and national origin.

36. In the alternative, Plaintiff Resendez's race and national origin were significant factors in Defendant FCA's decision to discharge him from his employment.

37. If Plaintiff Resendez's race and national origin were not Mexican American, Defendant FCA would not have suspended him from his employment.

38. Defendant FCA, through its agents Defendants Sanford, Millsap, Rodriguez,

and Wagner, was predisposed to discriminate based on race and national origin and acted in accordance with that predisposition against Plaintiff Resendez.

39. Defendant FCA, through its agents Defendants Sanford, Millsap, Rodriguez, and Wagner, treated Plaintiff Resendez differently from other similarly situated employees of other races and national origins regarding their discharge policies and practices and other employment terms and conditions based on unlawful consideration of Plaintiff Resendez's race and national origin.

40. Defendants' actions were intentional.

41. As proximate results of Defendants' intentional racial discrimination, Plaintiff Resendez has suffered the damages outlined in paragraph 33 above.

## COUNT II—US CIVIL RIGHTS ACT OF 1964-TITLE VII-RACIAL DISCRIMINATION

42. Plaintiff Resendez incorporates his above Parties, Jurisdiction, and Venue Allegations, Factual Allegations, and Count I Allegations into his Count II Allegations by reference.

43. Under the US Civil Rights Act of 1964, Title VII, 42 USC Sec 2000e et seq, at all relevant times, Plaintiff Resendez was an employee, Defendant FCA was his employer, and Defendants Sanford, Millsap, Rodriguez, and Wagner were Defendant FCA's agents, managers, and supervisors.

44. On January 24, 2022 and November 28, 2022, Defendant FCA suspended Plaintiff Resendez from his employment based on his race and national origin.

45. In the alternative, Plaintiff Resendez's race and national origin were significant factors in Defendant FCA's decision to suspend him from his employment.

46. If Plaintiff Resendez's race and national origin were not Mexican American, Defendant FCA would not have suspended him from his employment.

47. Defendant FCA, through its agents, Defendants Sanford, Millsap, Rodriguez, and Wagner, was predisposed to discriminate based on race and national origin and acted in accordance with that predisposition against Plaintiff Resendez.

48. Defendant FCA, through its agents Defendants Sanford, Millsap, Rodriguez, and Wagner, treated Plaintiff Resendez differently from other similarly situated employees of other races and national origins regarding their discharge policies and practices and other employment terms and conditions based on unlawful consideration of Plaintiff Resendez's race and national origin.

49. Defendants' actions were intentional.

50. As proximate results of Defendants' intentional racial discrimination, Plaintiff Resendez has suffered the damages outlined in paragraph 33 above.

## COUNT III — BREACH OF EMPLOYMENT AGREEMENT

51. Plaintiff Resendez incorporates his above Parties, Jurisdiction, and Venue Allegations, Factual Allegations, Count I Allegations, and Count II Allegations into his Count III Allegations by reference.

52. At all relevant times, Plaintiff Resendez was a member of the United Auto Workers, Local 51, **[UAW Local 51]**.

53. On or about December 16, 2019, the UAW and Defendant FCA approved a collective bargaining agreement **[CBA]** covering all relevant time periods. (Exhibit 12, 12/16/19 CBA Excerpts)

9

54. On information and belief, the CBA included provisions providing that Defendant FCA and its agents could not suspend UAW Local 51 employees from their employment with it without just cause. (See Exhibit 12, 12/16/19 CBA Excerpts, Provisions 1, 22-43)

55. Defendant FCA and its agents suspended Plaintiff Resendez from his employment without just cause.

56. The CBA also included an implied good faith and fair dealing covenant providing that Defendant FCA and its agents could not act so as to deprive Plaintiff Resendez of the fruits of the CBA.

57. Thus, the implied good faith and fair dealing covenant barred Defendant FCA and its agents from arbitrary, unreasonable, and other misconduct depriving Plaintiff Resendez of the fruits of the CBA.

58. By suspending Plaintiff Resendez from his employment without just cause, Defendant FCA and its agents manifested the above arbitrary, unreasonable, and other misconduct depriving Plaintiff Resendez of the fruits of the CBA.

59. As proximate results of Defendants' breach of the CBA, Plaintiff Resendez has suffered the damages outlined in paragraph 33 above.

## COUNT IV – BREACH OF EMPLOYMENT AGREEMENT

60. Plaintiff Resendez incorporates his above Parties, Jurisdiction, and Venue Allegations, Factual Allegations, Count I Allegations, Count II Allegations, and Count III Allegations into his Count IV Allegations by reference.

61. Even if the CBA does not include the above just cause suspension provision,

the CBA includes an implied provision barring Defendant FCA and its agents from disciplining Plaintiff Resendez for suffering a heart attack and obtaining imperative immediate medical care without notifying a supervisor.

62. By suspending Plaintiff Resendez for suffering a heart attack and obtaining imperative immediate medical care without notifying a supervisor, Defendant FCA and its agents violated the above implied CBA implied provision.

63. As proximate results of Defendants' breach of the CBA, Plaintiff Resendez has suffered the damages outlined in paragraph 33 above.

## CONCLUSION

THEREFORE, PLAINTIFF JOSEPH RESENDEZ respectfully requests this Court to:

A. Find in his favor.

B. Award him lost earnings and fringe benefits, including past, present, and future.

C. Award him compensatory damages.

D. Award him exemplary damages.

E. Award him litigation and statutory attorney fees, costs, and interest.

F. Grant him further relief in accordance with principles of equity and justice.

Dated: May 15, 2023       /s/ Howard Yale Lederman
                          LEDERMANLAW, PC
                          BY: Howard Yale Lederman (P36840)
                          Attorneys for Plaintiff
                          838 West Long Lake Road, Suite 100
                          Bloomfield Hills, Michigan 48302

(248) 792-0496
hledermanlaw@gmail.com

## DEMAND FOR JURY TRIAL

PLAINTIFF JOSEPH RESENDEZ, by his undersigned counsel,

LEDERMANLAW, PC, demands a jury trial on all his above claims.

Dated: February 12, 2023

/s/ Howard Yale Lederman
LEDERMANLAW, PC
BY: Howard Yale Lederman (P36840)
Attorneys for Plaintiff
838 West Long Lake Road, Suite 100
Bloomfield Hills, Michigan 48302
(248) 792-0496
hledermanlaw@gmail.com

## LIST OF EXHIBITS

Exhibit 1, FCA Profile.

Exhibit 2, 5/11/22 Plaintiff Resendez Write-Up

Exhibit 3, 5/19/23 Plaintiff Resendez Memo.

Exhibit 4, 5/25/22 Plaintiff Resendez Statement of Facts.

Exhibit 5, 5/26/22 Plaintiff Resendez Write-Up.

Exhibit 6, 1/24/22 FCA DACM Supervisor's Report.

Exhibit 7, 11/29/22 FCA Detroit Assembly Complex-Supervisor's Report.

Exhibit 8, 11/28/22 FCA Detroit Assembly Mack-Supervisor's Report.

Exhibit 9, Est 10/21/22 Plaintiff Resendez Charge of Discrimination.

Exhibit 10, 11/16/22 EEOC Determination and Notice of Rights.

Exhibit 11, 12/7/22 EEOC Letter.

Exhibit 12, 12/16/19 CBA Excerpts.

Exhibit 13, 5/12/22-5/14/22 Plaintiff Resendez Medical Records.

Exhibit 14, 5/17/22 Plaintiff Resendez Write-Up.

resendezj\first amended complaint 05 15 23

STATE OF MICHIGAN

IN THE OAKLAND COUNTY CIRCUIT COURT

JOSEPH RESENDEZ,                         THE HON MARTHA ANDERSON

      Plaintiff,                         CASE NO. 2023-198777-CD

VS

FCA US LLC, STEVEN SANFORD,
CHELSEA MILLSAP, ROY RODRIGUEZ,
AND ROBERT WAGNER,
Jointly and Severally,

      Defendants.
_____/
LEDERMANLAW, PC
BY: Howard Yale Lederman (P36840)
Attorneys for Plaintiff
838 West Long Lake Road, Suite 100
Bloomfield Hills, Michigan 48302
(248) 792-0476
hledermanlaw@gmail.com
_____/

## FIRST AMENDED COMPLAINT

# EXHIBIT 1

resendezj\exhibit 1 05 16 23

Corporations Division - Search for a business entity                                                                 5/15/23, 8:14 PM



## Business Entity Results

**Number of Records: 1**

Print Results

| Entity Name | ID Number | Old ID Number | Address |
|---|---|---|---|
| **FCA US LLC** | 801869349 | B9441N | 229 BROOKWOOD DR STE 14 SOUTH LYON, MI 48178 USA |

New Search

LARA FOIA Process    Transparency    Office of Regulatory Reinvention    State Web Sites

Michigan.gov Home    ADA    Michigan News    Policies

Copyright 2023 State of Michigan

Search Summary State of Michigan Corporations Division                                                     5/15/23, 8:15 PM

LARA Home   Contact LARA   Online Services   News   MI.gov

# LARA Corporations Online Filing System
### Department of Licensing and Regulatory Affairs

---

**ID Number: 801869349**          Request certificate      Return to Results   New search

**Summary for:  FCA US LLC**

**The name of the FOREIGN LIMITED LIABILITY COMPANY:**   FCA US LLC

---

**The prior true name in home state:** CHRYSLER GROUP MICHIGAN LLC **changed on:** 12-15-2014
**The prior true name in home state:** CHRYSLER GROUP LLC **changed on:** 12-15-2014
**The prior true name in home state:** NEW CARCO ACQUISITION LLC **changed on:** 06-26-2009

---

**Entity type:**   FOREIGN LIMITED LIABILITY COMPANY

**Identification Number: 801869349  Old ID Number:** B9441N

---

**Date of Qualification in Michigan:**  05/22/2009

---

**Organized under the laws of:** the state of Delaware

**Purpose:**

---

**Term:**  Perpetual

---

**The name and address of the Resident Agent:**

Resident Agent Name:        THE CORPORATION COMPANY (CA)

Street Address:        229 BROOKWOOD DR STE 14

Apt/Suite/Other:

City:        SOUTH LYON        State:  MI        Zip Code:   48178

**Registered Office Mailing address:**

P.O. Box or Street Address:

Apt/Suite/Other:

City:        State:        Zip Code:

---

View Assumed Names for this Business Entity

---

**View filings for this business entity:**

ALL FILINGS
ANNUAL REPORT/ANNUAL STATEMENTS
CERTIFICATE OF CORRECTION
CERTIFICATE OF CHANGE OF REGISTERED OFFICE AND/OR RESIDENT AGENT
RESIGNATION OF RESIDENT AGENT

---

**View filings**

**Comments or notes associated with this business entity:**

LARA FOIA Process     Transparency     Office of Regulatory Reinvention     State Web Sites

Michigan.gov Home     ADA     Michigan News     Policies

Copyright 2023 State of Michigan

**STATE OF MICHIGAN**

**IN THE OAKLAND COUNTY CIRCUIT COURT**

JOSEPH RESENDEZ,                                    THE HON MARTHA ANDERSON

       **Plaintiff,**                                    CASE NO. 2023-198777-CD

**VS**

**FCA US LLC, STEVEN SANFORD,
CHELSEA MILLSAP, ROY RODRIGUEZ,
AND ROBERT WAGNER,**
Jointly and Severally,

      **Defendants.**

_____/

LEDERMANLAW, PC
BY: Howard Yale Lederman (P36840)
Attorneys for Plaintiff
838 West Long Lake Road, Suite 100
Bloomfield Hills, Michigan 48302
(248) 792-0476
hledermanlaw@gmail.com

_____/

**<u>FIRST AMENDED COMPLAINT</u>**

# <u>EXHIBIT 2</u>

resendezj\exhibit 2 05 16 23

May 11, 2022 I had a heart attack and was [illegible] to Steve Sanford, "Joe you should of notified a Supervisor you were [illegible] about this also we have to write you a medical pass to go to MN Medical. I called Chris and you reported to them you were leaving and they said no. I had texted Steve an hour and a half [illegible] 11:15 PM, "Steve I m not feeling too hot, I'm going to medical, and hope it's in my mind." On May [illegible] 2022, I was re-instated and went in at my regular time, 9:30 PM. I was then notified to go to Labor, I then was suspended for not notifying my supervisor, not getting permission to leave my work area, and threatening a supervisor. No one else has to ask for permission to leave their work area, and I had only said " I hope you have a heart attack and follow protocol!" I was in emergency when I texted this and there was no possible way he didn't know I was unable to return to my job. This is one of many incidences that I have been singled out. I have been harassed for some time now, being mocked and made an object of derision over the radio. When I said, "Get Hitham, he likes to put things in bypass." It was immediately met with harsh repercussions, I don't like the one sided favoritism. The supervisors were in on it, and the union stewart (Calvin Ollie) said not to involve Human Resources, and did nothing. The plant manager (Dave) not sure of last name, knew and did nothing. If I could not go to HR, and the supervisors, and union stewart, and committee man (Frank Nosseck) knew who was I supposed to go to? I have a sleep disorder which I am addressing, and have a note from my doctor that states we are addressing the situation. I was suspended for allegedly sleeping on the job, the way they make it sound is that I got my bunny slippers, and two pillows and just blatantly went to sleep. I had my eyes closed and responded when Steve Sanford called my name, what else was I supposed to do. Chris Jones was there to corroborate his allegations, it's nothing more than a fraternity, and they wanted nothing less than to fire me. Rodney Fear said, "I heard it through the grapevine they are trying to get rid of you, so be careful." I would like to present all my documentation of my grievances, and a judgement made upon what I present without any prejudices. I would further like further investigation, because there are those who will support my claims, but might fear losing their job, or retaliation.

471-2022-03957

**STATE OF MICHIGAN**

**IN THE OAKLAND COUNTY CIRCUIT COURT**

JOSEPH RESENDEZ,                     THE HON MARTHA ANDERSON

      Plaintiff,                      CASE NO. 2023-198777-CD

VS

FCA US LLC, STEVEN SANFORD,
CHELSEA MILLSAP, ROY RODRIGUEZ,
AND ROBERT WAGNER,
Jointly and Severally,

      Defendants.

_____/
LEDERMANLAW, PC
BY: Howard Yale Lederman (P36840)
Attorneys for Plaintiff
838 West Long Lake Road, Suite 100
Bloomfield Hills, Michigan 48302
(248) 792-0476
hledermanlaw@gmail.com
_____/

**FIRST AMENDED COMPLAINT**

# EXHIBIT 3

resendezj\exhibit 3 05 16 23

**To: Whom it may concern**

**From: Joseph Resendez**

**Matter: Ostracized**

**Date: May 19, 2022**

**May 11, 2022,** I reported to work at my scheduled time. I wasn't feeling well so I went to medical.

**11:15 P.M.** I reported to Steve Sanford I was going to Medical.

**11:45 P.M.** I was rushed to the hospital. I want my pay for two hours that I was not given credit for.

**March 30, 2022,** I came in early and was not given credit for coming early four hours. **How does anyone miss four hours? I believe it was intentional, just like May 11, 2022.** I worked very hard those four hours.

**April 30, 2022, 1:53 A.M.** " Hey Steve, can you fix my hours?" Hitham. "Yeah, when I get my laptop." Steve Sanford.

**3 A.M.** " I heard it through the grapevine they are out to get you. So be careful." Rodney Fear.

**4:45 A.M.** "Hitham, your payroll has been adjusted." Steve Sanford. "Thank you!" Hitham.

**May 2, 2022, 4:45 A.M.** "Sean, you want to come with me?' Steve Sanford. "Yeah." Sean Cristofori.

Steve has his favorites, and will show them stuff so they learn, I am not included. He has never shown me nothing, only disrespect. He goes out of his way to help these people and when I need help he just stands in front of the GUI and gets in my way. He makes it difficult for me to learn when he can see what is going on, and I can't see everything because he stands in my way, then wants to tell me how I don't learn anything, and, "Everyone is sick and tired of showing me things." Steve Sanford. I find this to be untrue, and furthermore I was not working in the area when they were going through the learning phase.

**STATE OF MICHIGAN**

**IN THE OAKLAND COUNTY CIRCUIT COURT**

JOSEPH RESENDEZ,                    THE HON MARTHA ANDERSON

      **Plaintiff,**                    CASE NO. 2023-198777-CD

**VS**

**FCA US LLC, STEVEN SANFORD,
CHELSEA MILLSAP, ROY RODRIGUEZ,
AND ROBERT WAGNER,**
Jointly and Severally,

      **Defendants.**

_____/

LEDERMANLAW, PC
BY: Howard Yale Lederman (P36840)
Attorneys for Plaintiff
838 West Long Lake Road, Suite 100
Bloomfield Hills, Michigan 48302
(248) 792-0476
hledermanlaw@gmail.com

_____/

<u>**FIRST AMENDED COMPLAINT**</u>

# <u>EXHIBIT 4</u>

resendezj\exhibit 4 05 16 23

# Detroit Assembly Complex Mack

## STATEMENT OF FACTS

Name of Employee
Writing the Statement: Joseph Resendez

Date of Statement: 5-25-2022

CID Number: 1806283

Date of Incident: 5-11-2022

Dept/Supervisor Group: Paint

Violation Type:

**Description of Incident:** A Grave Matter, May 11 2022 I reported to work at my scheduled time. Two hours into my Shift, I wasn't feeling well. 11:15 pm. I report to Steve Santero I was going to medical. 11:45 pm, I was rushed to emergency in an ambulance, my blood pressure was 176/110. I'm a diabetic, I'm overweight I'm a prime candidate for heart attacks. 11:49 Pm, Sean Cristatoc brought my belonging to me because I was being transported to Emergency 12:39 Am Ma, 12th, 2022 Steve Santero texted me while I was in emergency "ISF you should of Notified a Supervisor, you were leaving your area we just talked about this also we have to writ you a medical pass to go to MN Medical, I called Chris and Tony to see if you reported to them you were leaving and they said No." I texted him there was no possible way he didn't know I went to the hospital it was an hour after leaving Dacm. I texted him back, "I'm in the hospital right Now and will have to figure out how I'm going to get back to my Car. Is there anything else you would like to Say?"

* My Blood pressure was 176/110 and I was sweating profusely, Seconds count when having a heart attack. I had two splents put in my heart

## STATE OF MICHIGAN

## IN THE OAKLAND COUNTY CIRCUIT COURT

JOSEPH RESENDEZ,                          THE HON MARTHA ANDERSON

     **Plaintiff,**                          CASE NO. 2023-198777-CD

**VS**

**FCA US LLC, STEVEN SANFORD,
CHELSEA MILLSAP, ROY RODRIGUEZ,
AND ROBERT WAGNER,**
Jointly and Severally,

     **Defendants.**

_____

_____/
LEDERMANLAW, PC
BY: Howard Yale Lederman (P36840)
Attorneys for Plaintiff
838 West Long Lake Road, Suite 100
Bloomfield Hills, Michigan 48302
(248) 792-0476
hledermanlaw@gmail.com
_____/

### <u>FIRST AMENDED COMPLAINT</u>

# <u>EXHIBIT 5</u>

resendezj\exhibit 5 05 16 23

**To: Whom it may concern**

**From: Joseph Resendez**

**Matter: Harassment at the workplace**

**Date 5/26/2022**

May 25, 2022. I reported to work at my scheduled time and was told to report to Labor/ Human Resources. I was asked to give my version of events and was told of allegations that I had somehow threatened Steve Sanford. So charges are as follows: Code 4 for not getting permission to leave work area. Code 14, threatening supervisor. I deny both allegations. On May 11, 2022, I suffered from a heart attack and received a text one hour after leaving Stellantis in an ambulance. The text went as such, "Joe you should have notified a Supervisor you were leaving your work area we just talked about this also we have to write you a medical pass to go to MN Medical I called Chris and Jen to see if you reported to them you were leaving and they said no." Steve Sanford, time/date 5/12/2022 12:39 A.M. I texted Steve at 11:15 P.M., "Steve I'm not feeling too hot, I'm going to medical, and hope it's in my mind." On my reinstatement day, May 25,2022 Steve Sanford did a profile check on me via Linkedin. This was the same thing he had complained about that I had looked at his profile. If he didn't want people to see his profile, he shouldn't put his information on the Internet. The day I had my heart attack Sean Cristofori had told Buck, and Pat Kujawa that he was leaving his area for a minute. Steve Sanford asked, "Where's Joe?" Sean said, "Medical." Sean did not tell a supervisor he was leaving his area, which is required of me, and me only, and Steve clearly knew I had a medical emergency.

January 24, 2022, I submitted an affidavit to Chelsea Millsap, and Calvin Ollie regarding my continual harassment at work, and mockery. I told her that it was not notarized, and she said, "That's ok, I accept it." This in turn was used against me resulting in Chelsea reproving me, "You're the problem, and when you come back to work you better have another attitude! What happened with Arquieta, and Viola? They were offended by what you said!" I asked what I said, and never got an answer. She then stated, "When you come back you better change your attitude!"

For being harassed I was further victimized with a disciplinary suspension.

October 29/2021, 4:30 A.M. "I'm quite fed up with, "Go for Joe." Neither John Krouse, nor John McClellan will own up to it. It's contagious, and everyone joins in, and I don't like it. I've talked to John Krouse this morning and will talk to pipe fitter John tomorrow. If I hear that shit one more time, I'm dropping what I'm doing and going to HR." Myself, sent to my Supervisor Ben Bourgau who was aware of the harassment and said, "You have to fight your own battles." Management was aware of this, plant supervisor Dave, coworkers, the whole shop.

September 19, 2021, 10:45 P.M. "I am not sure John Krouse makes a great steward, last night after a series of rebuttals he said, "Can you speak English?" I don't like that, it's not my problem he can't read prints. I've tried to help him, but no more. He wants to threaten me with a grievance, but then wants my help." Myself. This text was sent to third shift union steward, Calvin Ollie which he did nothing about it.

I've told my committee man, Frank Nassick about what was going on and he told me, "Don't go to HR they are not your friends." Calvin Ollie has corroborated this. So, I can't go to HR, and my union does nothing for me, all the supervisors know, who am I supposed to go to? There are many anecdotes, and undertones that went along with this, so many it is too much to write and keep track of.

**STATE OF MICHIGAN**

**IN THE OAKLAND COUNTY CIRCUIT COURT**

JOSEPH RESENDEZ,                                    THE HON MARTHA ANDERSON

      **Plaintiff,**                                    CASE NO. 2023-198777-CD

**VS**

**FCA US LLC, STEVEN SANFORD,
CHELSEA MILLSAP, ROY RODRIGUEZ,
AND ROBERT WAGNER,
Jointly and Severally,**

      **Defendants.**

_____/
LEDERMANLAW, PC
BY: Howard Yale Lederman (P36840)
Attorneys for Plaintiff
838 West Long Lake Road, Suite 100
Bloomfield Hills, Michigan 48302
(248) 792-0476
hledermanlaw@gmail.com
_____/

**FIRST AMENDED COMPLAINT**

# EXHIBIT 6

resendezj\exhibit 6 05 16 23

STELLANTIS

# DACM SUPERVISOR'S REPORT

**Name of Employee:** Joseph Resendez
**CID:** 1806253
**Department:** 3430
**Shift:** 3
**Date of Incident:** 1/24/2022
**Date of Report:** 1/24/2022

**Violation Type**:

15. Disorderly, disruptive or unruly conduct

33. Inappropriate use of computer/laptops

**Disciplinary Action:** Step 04: 3 Day Disciplinary Layoff

Below, please give details of incident. Include specific location of incident, who was involved, date and time of incident, sequence of events.

On January 24, 2022 at approximately 1am, Joseph Resendez engaged in inappropriate and unruly discussion over the radio. He has been instructed by labor and management to speak and behave professionally to his coworkers. Joseph admitted that his comment over the radio was, "bad judgment, quid pro quo. If you treat me nice, I'll will treat you nice. If you treat me like an ass, I'm going to treat you like an ass."

_____
Employee Signature

_____
Union Official Signature

**Chelsea Millsap 1406107**
_____
Supervisor Name and CID (Typed)

_____
Supervisor Signature

☐ Employee Copy

☐ Union Copy

☐   LABOR RELATIONS COPY (AND BUCK SLIP IF REQUIRED) – MUST BE SUBMITTED TO LABOR IMMEDIATELY.

**STATE OF MICHIGAN**

**IN THE OAKLAND COUNTY CIRCUIT COURT**

JOSEPH RESENDEZ,                                    THE HON MARTHA ANDERSON

      Plaintiff,                                              CASE NO. 2023-198777-CD

VS

FCA US LLC, STEVEN SANFORD,
CHELSEA MILLSAP, ROY RODRIGUEZ,
AND ROBERT WAGNER,
Jointly and Severally,

      Defendants.

_____/

LEDERMANLAW, PC
BY: Howard Yale Lederman (P36840)
Attorneys for Plaintiff
838 West Long Lake Road, Suite 100
Bloomfield Hills, Michigan 48302
(248) 792-0476
hledermanlaw@gmail.com

_____/

**FIRST AMENDED COMPLAINT**

# EXHIBIT 7

resendezj\exhibit 7 05 16 23

Notice of Suspension,
Disciplinary Layoff or Discharge

To Union Representative _Todd Clase_     Date _11·29·22_

Employee _Joe Resendez_     ID Number _____

☐ Suspension
☒ Disciplinary Layoff    { From _5:30_   a.m. / (p.m.) on _11/30_   20 _22_
☐ Discharge    { To _1:30_   a.m. / (p.m.) on _12/2_   20 _22_

REASON: _SOC Violation 6 & 15_

*You are advised that you have the right to request union representation.*

Signed _RTS_     Signed _Robert Wagner_
EMPLOYEE (INDICATES RECEIPT ONLY)     MANAGEMENT REPRESENTATIVE

**WHITE** – *Employee*    **CANARY** – *Union Rep.*    **PINK** – *Labor Relations*    **GOLDENROD** – *Department*

84-753-8804 (Rev. 06/16) FCA US LLC

**STATE OF MICHIGAN**

**IN THE OAKLAND COUNTY CIRCUIT COURT**

JOSEPH RESENDEZ,                                     THE HON MARTHA ANDERSON

        **Plaintiff,**                                 CASE NO. 2023-198777-CD

**VS**

**FCA US LLC, STEVEN SANFORD,**
**CHELSEA MILLSAP, ROY RODRIGUEZ,**
**AND ROBERT WAGNER,**
**Jointly and Severally,**

        **Defendants.**

_____/
LEDERMANLAW, PC
BY: Howard Yale Lederman (P36840)
Attorneys for Plaintiff
838 West Long Lake Road, Suite 100
Bloomfield Hills, Michigan 48302
(248) 792-0476
hledermanlaw@gmail.com
_____/

### FIRST AMENDED COMPLAINT

# EXHIBIT 8

resendezj\exhibit 8 05 16 23

## DETROIT ASSEMBLY COMPLEX MACK - SUPERVISOR'S REPORT

**Name of Employee: Joseph Resendez**
**CID: 1806253**
**Date of Incident: 11/28/2022**
**Date of Report: 11/28/2022**

**Violation Type**:

6. Failure to follow instruction by management                                    Choose an item.

15. Disorderly, disruptive or unruly conduct

---

**Disciplinary Action:  3 Day Disciplinary Layoff**

**Employee Type:  Seniority Employee**

**Below, please give details of incident. Include specific location of incident, who was involved, date and time of incident, sequence of events. PAST DISCILPINE, what was said and who was present. (Attach "Notice of Suspension, Disciplinary Layoff or Discharge" if applicable.)**

> Joe has been told numerous times to stop playing around on his radio and making unnecessary comments to other associates. Joe is now making threats to his fellow co-workers on the radio.

RTS

_Employee Signature_
_Union Official Signature_

Roy Rodriguez
Robert Wagner
Robert Wagner

_Supervisor Name (Typed)_
_Supervisor Signature_

☐ Employee Copy

☐ Union Copy

☐  **LABOR RELATIONS COPY (AND BUCK SLIP IF REQUIRED) – MUST BE SUBMITTED TO RESPECTIVE LABOR REPRESENTATIVE IMMEDIATELY.**

## STATE OF MICHIGAN

## IN THE OAKLAND COUNTY CIRCUIT COURT

JOSEPH RESENDEZ,                           THE HON MARTHA ANDERSON

     Plaintiff,                              CASE NO. 2023-198777-CD

VS

FCA US LLC, STEVEN SANFORD,
CHELSEA MILLSAP, ROY RODRIGUEZ,
AND ROBERT WAGNER,
Jointly and Severally,

     Defendants.

_____/
LEDERMANLAW, PC
BY: Howard Yale Lederman (P36840)
Attorneys for Plaintiff
838 West Long Lake Road, Suite 100
Bloomfield Hills, Michigan 48302
(248) 792-0476
hledermanlaw@gmail.com
_____/

## FIRST AMENDED COMPLAINT

# **EXHIBIT 9**

resendezj\exhibit 9 05 16 23

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act<br>Statement and other information before completing this form. | | Charge Presented To:<br><br>EEOC<br>FEPA | Agency(ies) Charge No(s):<br><br>**471-2022-03957** |
|---|---|---|---|
| **Michigan Department Of Civil Rights** | | | and EEOC |
| *State or local Agency, if any* | | | |

| Name *(indicate Mr., Ms., Mrs.)*<br>Mr. Joseph Resendez | Home Phone<br>(248) 410-8816 | Year of Birth<br>1966 |
|---|---|---|
| Street Address<br>33621 Utica Road, Apt 8<br>Fraser, MI 48026 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>Stellantis Mack Assembly Plant | No. Employees, Members<br>501+ Employees | Phone No.<br>(800) 334-9200 |
|---|---|---|
| Street Address<br>4000 SAINT JEAN STREET<br>Detroit, MI 48214 | | |
| Name | No. Employees, Members | Phone No. |
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON<br><br><br>Color, National Origin, Retaliation | DATE(S) DISCRIMINATION TOOK PLACE<br><br>Earliest            Latest<br>05/12/2022        05/25/2022<br><br><br>          Continuing Action |
|---|---|

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I began employment with the above-named employer in or around July 2020. I was employed as Industrial Control. In or around May 2022, I suffered a medical emergency at work that required me to be hospitalized. In or around May 2022, after I was hospitalized for a serious medical condition, I was subjected to harassment and disciplinary action from management. In or around May 2022, after I return to work, the harassment continued, and I was suspended for responding to the harassment. During my time of employment, I have been treated less favorably than other employees outside of my race by other employees and management. I believe I was subjected to discrimination based on my race (Hispanic), subjected to harassment and disciplinary action (suspension) based on my race and retaliation for engaging in a protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Mr. Joseph Resendez**<br>**10/21/2022**<br><br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

## STATE OF MICHIGAN

## IN THE OAKLAND COUNTY CIRCUIT COURT

JOSEPH RESENDEZ,                                        THE HON MARTHA ANDERSON

          Plaintiff,                                              CASE NO. 2023-198777-CD

**VS**

**FCA US LLC, STEVEN SANFORD,**
**CHELSEA MILLSAP, ROY RODRIGUEZ,**
**AND ROBERT WAGNER,**
Jointly and Severally,

          Defendants.

_____/

LEDERMANLAW, PC
BY: Howard Yale Lederman (P36840)
Attorneys for Plaintiff
838 West Long Lake Road, Suite 100
Bloomfield Hills, Michigan 48302
(248) 792-0476
hledermanlaw@gmail.com
                                                                                    /

## FIRST AMENDED COMPLAINT

# EXHIBIT 10

resendezj\exhibit 10 05 16 23



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Detroit Field Office
477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 378-2470
Website: www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 11/16/2022

**To:** Mr. Joseph Resendez
33621 Utica Road, Apt 8
Fraser, MI 48026

Charge No: 471-2022-03957

EEOC Representative and email:     Kassidy Smith
Investigator
kassidy.smith@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 471-2022-03957.

On behalf of the Commission,

Digitally Signed By: Michelle Eisele
11/16/2022

Michelle Eisele
District Director

**Cc:**
Dee   Williams
1000 Chrysler Dr
Auburn Hills, MI 48326

Dee  Williams
1000 Chrysler Dr
Auburn Hills, MI 48326

Please retain this notice for your records.

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 471-2022-03957 to the District Director at Michelle Eisele, 1010 West Ohio St Suite 1900

Indianapolis, IN 46204.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

## STATE OF MICHIGAN

## IN THE OAKLAND COUNTY CIRCUIT COURT

JOSEPH RESENDEZ,                           THE HON MARTHA ANDERSON

     **Plaintiff,**                          CASE NO. 2023-198777-CD

**VS**

**FCA US LLC, STEVEN SANFORD,**
**CHELSEA MILLSAP, ROY RODRIGUEZ,**
**AND ROBERT WAGNER,**
Jointly and Severally,

     **Defendants.**

_____

_____/
LEDERMANLAW, PC
BY: Howard Yale Lederman (P36840)
Attorneys for Plaintiff
838 West Long Lake Road, Suite 100
Bloomfield Hills, Michigan 48302
(248) 792-0476
hledermanlaw@gmail.com
_____/

## FIRST AMENDED COMPLAINT

# EXHIBIT 11

resendezj\exhibit 11 05 16 23



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Detroit Field Office**

477 Michigan Avenue, Room 865
Detroit, MI  48226
Detroit Status Line: (866) 408-8075
Detroit Direct Dial: (313) 774-0020
TTY (313) 226-7599
FAX (313) 226-2778
Website: www.eeoc.gov

Joseph Resendez
33621 Utica Rd., Apt. 8
Fraser, MI 48026

     RE:    Charge No.: 471-2022-03957
              Joseph Resendez v. Stellantis Mack Assembly Plant

Dear Mr. Resendez:

This is in response to your letter received on December 1, 2022, requesting further investigation into your allegations of discrimination. You had filed a charge on or about October 21, 2022, alleging you were disciplined, suspended and harassed because of your color, national origin (Hispanic) and retaliation. Your November 19, 2022, correspondence provided copies of text messages and other reasons why you feel you were subjected to discrimination.

Please be aware that the EEOC's guidelines permit reconsideration of a finding in limited circumstances. EEOC Directors, therefore, may decline to review a request to reconsider an EEOC final finding unless the Charging Party presents substantial new and relevant evidence, or a persuasive argument that the EEOC's prior decision was contrary to law or the facts. As the individual who is making the allegations, it is your burden to prove the charges are true.

In an effort to examine the facts in the light most favorable to you, the evidence was again analyzed to determine if it would be appropriate to reopen the charge and continue the investigation. Your November 19, 2022 correspondence indicated that you are having problems with your coworkers and management which are troubling but are not illegal under Title VII of the Civil Rights Act of 1964, as amended. The evidence you provided failed to show that these problems were due to your color, national origin, and/or in retaliation for having engaged in a protected activity which is necessary for the EEOC to have jurisdiction over the matter.

Your request did not meet any of the criteria necessary for reconsideration as you did not provide any new or additional documentation or evidence demonstrating you were disciplined, suspended and harassed because of your color, national origin (Hispanic) and retaliation. We were therefore unable to conclude that additional investigation was needed. The EEOC will not alter its finding with respect to your EEOC Charge of Discrimination.

It is important to note that a request for reconsideration does not extend or eliminate the statutory 90-day period for pursuing this matter in court. If a private lawsuit is not filed within 90 days of your receipt of the final dismissal notice, the right to sue for the charge is lost and cannot be

restored by the EEOC. Our records reflect that the dismissal notice was uploaded into the portal on November 16, 2022, and that you downloaded the same document on the same day. Also, your 90-day statute of limitation and doubt February 14, 2023. You may still have the option and right to file in State Court and seek the advice of an attorney to explore your right to other legal remedies for your allegations.

I know that this is not the outcome that you hoped for, but I hope this response addresses your concerns. The EEOC will take no further action with respect to this charge of employment discrimination.

Sincerely

**Deanna E. Wooten** Digitally signed by Deanna E. Wooten
Date: 2022.12.07 17:15:10 -05'00'

*for* Linda Sankovich
Field Office Director

**STATE OF MICHIGAN**

**IN THE OAKLAND COUNTY CIRCUIT COURT**

JOSEPH RESENDEZ,                                **THE HON MARTHA ANDERSON**

     **Plaintiff,**                              **CASE NO. 2023-198777-CD**

**VS**

**FCA US LLC, STEVEN SANFORD,**
**CHELSEA MILLSAP, ROY RODRIGUEZ,**
**AND ROBERT WAGNER,**
**Jointly and Severally,**

     **Defendants.**

_____
_____/
LEDERMANLAW, PC
BY: Howard Yale Lederman (P36840)
Attorneys for Plaintiff
838 West Long Lake Road, Suite 100
Bloomfield Hills, Michigan 48302
(248) 792-0476
hledermanlaw@gmail.com
_____/

**FIRST AMENDED COMPLAINT**

# **EXHIBIT 12**

resendezj\exhibit 12 05 16 23



Agreements

between

**FCA US LLC**

**FCA**
FIAT CHRYSLER AUTOMOBILES

and the

December 16, 2019

**PRODUCTION, MAINTENANCE AND PARTS**

LITHO IN U.S.A.

**A G R E E M E N T S**

**P M & P**

FCA

**2 0 1 9**

**TABLE OF CONTENTS**

|  | Section | Page |
|---|---|---|
| **PURPOSE AND INTENT**............................ |  | 4 |
|  |  |  |
| **RECOGNITION** |  |  |
| Employees Covered .................................. | 1 | 5 |
| Management Rights ................................. | 2 | 6 |
| Excluded Personnel.................................. | 3 | 6 |
| Equal Application of Agreement............... | *4 | 6 |
|  |  |  |
| **NO STRIKE OR LOCKOUT** |  |  |
| Strike Prohibited ...................................... | 5 | 7 |
| Cancellation of Agreement....................... | 6 | 8 |
| Right to Discipline.................................... | 7 | 9 |
| Lockout Prohibited ................................... | 8 | 9 |
|  |  |  |
| **UNION SECURITY** |  |  |
| Requirement of Union Membership......... | 9 | 9 |
| Payment by Check-Off or Direct to Union | 10 | 10 |
| Check-Off................................................. | 11 | 10 |
| Deductions............................................... | 12 | 15 |
| Indemnification ........................................ | 13 | 15 |
| Conflict with State Law ............................ | 14 | 15 |
|  |  |  |
| **REPRESENTATION** |  |  |
| Number of Districts.................................. | *15 | 17 |
| Chief Stewards.......................................... | *16 | 21 |
| Plant Shop Committeeperson................... | *17 | 23 |
| Abuse of the Procedure............................ | *18 | 25 |
| Conduct of Union Representatives .......... | 19 | 25 |
| Regular Conferences................................ | *20 | 25 |
| Special Conferences ................................ | *21 | 26 |
|  |  |  |
| **GRIEVANCE PROCEDURE** |  |  |
| Time of Answers ...................................... | *22 | 27 |
| Presenting a Grievance ............................ | 23 | 28 |
| Step 1...................................................... | *24 | 28 |
| Step 2...................................................... | *25 | 29 |
| Step 3...................................................... | *26 | 29 |
| Step 4 -- Regional Review and |  |  |
| Appeal to Appeal Board...................... | *27 | 30 |
| Membership of the Appeal Board ............ | 28 | 32 |
| Authority of Appeal Board ........................ | *29 | 33 |
| Time of Appeals....................................... | 30 | 34 |

*For Parts Refer to the Parts Supplement

i

|  | Section | Page |
|---|---|---|
| Time Limit on Claims | 31 | 35 |
| Payment of Back Pay Claims | 32 | 36 |
| Computation of Back Wages | 33 | 36 |
| Retroactive Adjustments | 34 | 37 |
| Withdrawal of Cases | 35 | 37 |
| Finality of Decisions | 36 | 37 |
| Appeal for Interpretation | 37 | 37 |
| Law Suits | 38 | 38 |

**DISCHARGE AND DISCIPLINE**

| Maintenance of Discipline | 39 | 39 |
|---|---|---|
| Notice of Suspension, Disciplinary Layoff or Discharge | 40 | 39 |
| Union Representation | *41 | 40 |
| Appeal of Discharge | *42 | 41 |
| Use of Past Record | 43 | 41 |

**WORK STANDARDS**

| Work Standards | *44 | 41 |
|---|---|---|

**SENIORITY**

| Probationary Employees | 45 | 48 |
|---|---|---|
| Employee Defined | 46 | 50 |
| Seniority Defined | *47 | 50 |
| Seniority Lists | *48 | 50 |
| Loss of Seniority | *49 | 50 |
| Seniority of Chief Stewards | *50 | 53 |
| Seniority of Committeepersons and Officers | *51 | 53 |
| Seniority of Employees Promoted to Salary | *52 | 54 |
| Reinstatement After Disability | 53 | 55 |
| Change of Address | 54 | 56 |
| Shift Preference | 55 | 57 |
| Overtime Equalization Agreements | 56 | 57 |
| Local Agreements | 57 | 57 |

**LAYOFF AND RECALL**

| Layoff Definitions | 58 | 59 |
|---|---|---|
| Notice of Layoff | *59 | 60 |
| Layoff Procedure – Temporary Layoffs | 60 | 60 |
| Layoff Procedure – Indefinite Layoffs | *61 | 62 |
| Layoff Procedure – Temporary Adjustments | 62 | 63 |

*For Parts Refer to the Parts Supplement

**PRODUCTION AND MAINTENANCE**

**INDEX OF UNITS**

1.  Detroit Assembly Complex Jefferson – Local 7
    Warren Truck Assembly – Local 140
    Chrysler Center – Powerhouse – Local 412
    Kokomo Transmission – Local 685
    Indiana Transmission Plant I – Local 685
    Indiana Transmission Plant II – Local 685
    Tipton Transmission Plan – Local 685
2.  Warren Stamping – Local 869
3.  Chrysler Headquarters & Tech Chrysler
    Center – Departments 1654, 1655, 2980 –
    Local 412 (Unit 14)
4.  Kokomo Casting – Local 1166
5.  FCA Transport LLC – Local 212
    Mt. Elliott Tool & Die Manufacturing – Local 212
    Pilot Operations – Local 212
6.  Sterling Stamping – Local 1264
7.  Belvidere Assembly – Local 1268
8.  Toledo Machining – Local 1435
9.  Sterling Heights Assembly – Local 1700
10. Marysville Axle – Local 961
11. Trenton Engine Complex – Local 372
12. Toledo Assembly Complex – Local 12
13. Dundee Engine Plant – Local 723
14. FCA Transport LLC Toledo –  Local 12
15. Detroit Assembly Complex Mack – Local 51

1

**Agreement Entered into on This
Sixteenth Day of
December, 2019**

**Between FCA US LLC**

**(Hereinafter referred to as the "Company")
and the following Local Unions**

**United Automobile, Aerospace and Agricultural
Implement Workers of America**

**PRODUCTION AND MAINTENANCE**

| | | | |
|---|---|---|---|
| 7 | 212 | 723 | 1264 |
| 12 | 372 | 869 | 1268 |
| 51 | 412 | 961 | 1435 |
| 140 | 685 | 1166 | 1700 |

**PARTS DISTRIBUTION CENTERS**

| | | | | |
|---|---|---|---|---|
| 75 | 230 | 492 | 1178 | 2360 |
| 125 | 375 | 573 | 1248 | 3039 |
| 186 | 422 | 868 | 1649 | 946 |

**and the
International Union,
United Automobile, Aerospace and Agricultural
Implement Workers of America**

**(The said Local Unions and the International
Union being hereinafter referred to
collectively as the "Union.")**

(Note: The headings used in this Agreement and
Exhibits neither add to nor subtract from the meaning but are for
reference only.)

3

## DISCHARGE AND DISCIPLINE

**(39)  Maintenance of Discipline**

It is agreed that the maintenance of discipline is essential to the satisfactory operation of the plant. During the course of negotiations, the Union raised the concern regarding discipline not being administered fairly and consistently for violations of the Company's Standards of Conduct. The Company acknowledged that the issuance of discipline is intended to be corrective and not punitive in nature.

As a result of these discussions, the following guidelines have been established to ensure Standard of Conduct violations are dealt with collectively through the progressive disciplinary process:

- 1st Violation - Verbal Warning
- 2nd Violation - Written Warning
- 3rd Violation - Written Warning with Counseling
- 4th Violation - 3 Working Day Disciplinary Layoff
- 5th Violation - 30 Calendar Day Disciplinary Layoff
- 6th Violation - Discharge

Circumstances will arise which necessitate corrective action that may not follow the standard progression guideline. Disputes regarding disciplinary matters may be addressed through the grievance procedure.

**(40)  Notice of Suspension, Disciplinary Layoff or Discharge**

The plant management agrees promptly upon the suspension, disciplinary layoff or discharge of

an employee including a probationary employee who has worked for the plant more than thirty (30) days to notify In writing the employee and the Chief Steward or Plant Shop Committeeperson in the district of the suspension, disciplinary layoff or discharge, and the reason therefore. Such notice will be provided at a reasonable time where practicable prior to the end of the shift and will advise the employee that he has the right to request Union representation.

If such an employee is absent from the plant at the time the action is taken, or where it was not practicable to provide written notice prior to his leaving the plant, management will send to the employee's last known address, by Certified Mail, notice of his suspension, disciplinary layoff or discharge and notice that he has the right to request representation.

## (41) Union Representation

The employee may ask to discuss his suspension, disciplinary layoff or discharge with either the Chief Steward or Plant Shop Committeeperson for the district and the management will designate an office where he may do so before he is required to leave the plant. Upon request, the employee's Supervisor or other designated representative of management will discuss the suspension, disciplinary layoff or discharge with the employee and the Chief Steward or the Plant Shop Committeeperson. In proper cases, exceptions shall be made.

40

**(42) Appeal of Discharge**

Should a discharged employee or the Union representative and the Plant Shop Committee consider the discharge to be improper, a complaint shall be presented in writing through the Shop Committee to the Union Relations Supervisor within seventy-two (72) hours of the discharge. The Management of the plant will review the discharge and give its answer within seventy-two (72) hours after receiving the complaint. The management of each plant is authorized to settle such matters. If the decision is not satisfactory to the Union, the matter shall be referred to Step 2 of the grievance procedure within five (5) working days after the management gives its answer to the Union.

**(43) Use of Past Record**

In imposing any discipline on a current charge, management will not take into account any infractions which occurred prior to the twelve (12) month period of active employment immediately preceding the current charge, nor impose discipline on an employee for falsification of his/her employment application after a period of one (1) year from his/her date of hire.

## WORK STANDARDS

**(44) Work Standards**

(a)--Establishing Work Standards

1.   When the Company establishes work standards, by whatever method it may select, it shall do so on the basis of fairness and equity in that such

## STATE OF MICHIGAN

## IN THE OAKLAND COUNTY CIRCUIT COURT

JOSEPH RESENDEZ,                                    THE HON MARTHA ANDERSON

      Plaintiff,                                    CASE NO. 2023-198777-CD

VS

FCA US LLC, STEVEN SANFORD,
CHELSEA MILLSAP, ROY RODRIGUEZ,
AND ROBERT WAGNER,
Jointly and Severally,

      Defendants.

_____/
LEDERMANLAW, PC
BY: Howard Yale Lederman (P36840)
Attorneys for Plaintiff
838 West Long Lake Road, Suite 100
Bloomfield Hills, Michigan 48302
(248) 792-0476
hledermanlaw@gmail.com
_____/

## FIRST AMENDED COMPLAINT

# EXHIBIT 13

resendezj\exhibit 13 05 16 23



Environment: Stellantis Production | Welcome T6511TA

**Business Intelligence**

**Advanced Dashboard**

Reports

**RESENDEZ, JOSEPH**

Date Of Birth: █████████

Age:            **55 years old**

Gender:         **Male**

**No Known Allergies**

Employee Number: **1806253**

TID:            **T6253J3**

<u>Clinic Visit</u> / <u>Clinic Visit Notes</u> / <u>Notes Sublist</u>

← **NON OCCUPATIONAL Clinic Visit** ⓘ

Clinic Visit    **Notes**    Vitals    Restrictions    Documents    Clinical Test    Allergies    Rx

**Notes**

New    Delete    <u>Actions</u> ▾    View    Notes for This Visit    ⌄    📌    View ▾

| **Date** | **Time** | **Notes** | **Signed?** | **Practitioner Name** |
|---|---|---|---|---|
| <u>05-12-2022</u> | 01:16 | CLINIC VISIT 5/11/22 | | Magness, Angela |
| | | Security notified to activate EMS at 2342.  Ambulance arrived at 2400.  Left via stretcher with Paramedics at 0017 | | |
| | | S - EE reported to Medical with complaint of chest pain, "little SOB" and "funny feeling in stomach". Described pain as left side chest pain as deep dull discomfort, non-radiating with VAS 3/5. "It feels like I being running".  Denied | | |

| Date | Time | Notes | Signed? | Practitioner Name |
|------|------|-------|---------|-------------------|
| 05-12-2022 | 01:16 | CLINIC VISIT 5/11/22 | | Magness, Angela |

Security notified to activate EMS at 2342. Ambulance arrived at 2400. Left via stretcher with Paramedics at 0017

S - EE reported to Medical with complaint of chest pain, "little SOB" and "funny feeling in stomach". Described pain as left side chest pain as deep dull discomfort, non-radiating with VAS 3/5. "It feels like I being running". Denied previous episode of chest pain. PMH: HTN, NIDDM, Hyperlipidemia, Smoker and Obese. Medications: Lisinopril, Metformin, ASA and Atorvastatin. NKDA

O - Arrived in distress. A/O x 4. PERRLA. Diaphoretic. Holding left side of chest. Initial BP elevated 163/111 with pulse 79. Apical rate strong/regular. Lungs CTA with GAE. RR initially labored at 22, but after 10-15 minutes unlabored with repeat BP down to 129/87. SPO2 95%. Negative JVD/peripheral edema. Wearing compression socks. "My legs sometime swells". EKG performed.



Environment: Stellantis Production | Welcome T6511TA   

**Business Intelligence**

**Advanced Dashboard**

Reports

### RESENDEZ, JOSEPH

| | | | No Known Allergies |
|---|---|---|---|
| Date Of Birth: | 0 ▓▓▓ | | |
| Age: | **55 years old** | | Employee Number: .1806253 |
| Gender: | **Male** | | TID: **T6253J3** |

stated  lives along and has
no emergency contact.
Medical obtained EE cell
number to check on status.
EMS arrived. Report given.
Transferred to stretcher and
care to Paramedics.  EE
remained A/O x 4 upon
departure.  Enroute to St.
John Hospital on Moross.
Co-worker to notify
Supervisor and email sent to
Labor.  NOTE EE CELL#:
248-410-8816
P - PQX 190 BOS.  Must
clear thru Medical.
A. Magness, RN

Showing 1 - 1      of 1

Resendez, Joseph (082835709) - 5/13/2022



# Ascension St. John Hospital
## Cardiac Cath Lab
22101 Moross Road
Detroit, MI 48236
Tel: 313-343-3732
Fax: 313-343-3229

## Interventional Catheterization Report
### Coronary

| | | | |
|---|---|---|---|
| **Patient:** | Resendez, Joseph | **Study Date:** | 05/13/2022 |
| **MRN:** | | **FIN#:** | 828357092132 |
| **DOB:** | (5 years) | **Accession#:** | 11679900201 |
| **Gender:** | Male | **Ht/Wt:** | 172.7 cm / 104 kg |
| **Patient Status:** | | **BSA/BMI:** | 2.27 m² / 34.9 kg/m² |

| | |
|---|---|
| **Cardiologist:** | Joumaa, Mouhammed MD |
| **Fellow:** | Marroush, Tariq;  Carrena, Olufolahan MD; |
| **Referring Physician:** | Camtronics_modified,;  Camtronics_modified, —; |

**Overall Impressions:** Select one option:

Preoperative diagnosis:
Unstable angina despite medical therapy

Postoperative diagnosis:
S/p DES 2 to proximal and mid LAD, IVUS guided.

Procedures performed:
1. Moderate conscious sedation.
2. Right radial artery access, 6 French sheath was advanced.
3 ACT management, ACT was monitored and ensured to be therapeutic throughout the procedure.
4. Selective left coronary angiogram, a 6 French TIG catheter was used to engage left main, left main appeared to be patent, left circumflex system appeared to have mild diffuse disease, LAD appeared to have 80% proximal stenosis.
5. Selective right coronary angiogram, the same catheter was used to engage RCA, RCA appeared to be large, patent and tortuous without significant obstructive disease.
6. Wiring of LAD, left main was engaged using a 6 French EBU 3.5 guide, short universal wire was used to wire the LAD.
6. IVUS of LAD, this showed an MLA of 3.4 mm² with a percent stenosis of 84.6%.
7. Stenting of mid LAD, this was done using a Xience sky point 3.25 x 28 mm stent which was deployed at 12 atm with excellent expansion.
8. Stenting of proximal LAD, this was done using a Xience sky point 4.0 x 33 mm stent which was deployed at 12 atm with excellent expansion.
9. Repeat IVUS, this showed excellent apposition and no dissection with an MSA of 4.5 mm².
10. Patent hemostasis using TR band.

Recommendations:
Unstable angina s/p DES x2 to proximal and mid LAD, IVUS guided, the patient will be on dual antiplatelet therapy in the form of aspirin and Plavix for at least a year, aggressive statin, diabetic control, right radial site care, IV fluids, guideline directed medical therapy, outpatient cardiac medication, outpatient care and follow-up, goal LDL is below

**Resendez, Joseph (082835709) - 5/13/2022**

70 mg/dL.

**Summary:**
1. **Left main:** Normal-sized. No evidence of disease.
2. **LAD:** Normal-sized. **Mid-vessel lesion:** The diagnostic study demonstrated an 80% stenosis. There is TIMI grade 3 flow (brisk flow) across the lesion. The lesion was stented (see 1st lesion intervention). Following intervention, there is a residual 0% stenosis with TIMI grade 2 flow (partial perfusion). **Proximal vessel lesion:** The diagnostic study demonstrated an 80% stenosis. There is TIMI grade 3 flow (brisk flow) across the lesion. The lesion was stented (see 2nd lesion intervention). Following intervention, there is a residual 0% stenosis with TIMI grade 2 flow (partial perfusion).
3. **1st diagonal:** Normal-sized.
4. **1st obtuse marginal:** Normal-sized. **Ostial lesion:** There is a 40% stenosis.
5. **Right coronary:** Normal-sized, sluggish flow. No evidence of obstructive disease.
6. **Right posterior descending:** Normal-sized, sluggish flow. No evidence of obstructive disease.
7. **1st right posterolateral:** Normal-sized, sluggish flow. No evidence of obstructive disease.

**Recommendations:**
1. Does the patient have 3 vessel disease? No
2. Are we consulting CV surgery? No
3. LDL goal is < 70 mg/dl. Patient to continue P2Y12.
4. Patient is to continue clopidogrel (Plavix) for 12 months.

**Complications:** There were no complications.

**Procedures performed:** Left coronary angiography. Right coronary angiography. Lesion intervention: Percutaneous intervention on the 80% stenosis in the mid LAD. Stent placement. Lesion intervention: Percutaneous intervention on the 80% stenosis in the proximal LAD. Stent placement.

## Procedural Findings

**Coronary arteries:** The coronary circulation is right dominant. The left main bifurcates normally into the LAD and circumflex. The left anterior descending gives rise to 2 diagonals. The left circumflex gives rise to 2 obtuse marginals.

**Left main:** Normal-sized. No evidence of disease.

**LAD:** Normal-sized. *Mid-vessel lesion:* The diagnostic study demonstrated an 80% stenosis. There is TIMI grade 3 flow (brisk flow) across the lesion. The lesion was stented (see 1st lesion intervention). Following intervention, there is a residual 0% stenosis with TIMI grade 2 flow (partial perfusion). *Proximal vessel lesion:* The diagnostic study demonstrated an 80% stenosis. There is TIMI grade 3 flow (brisk flow) across the lesion. The lesion was stented (see 2nd lesion intervention). Following intervention, there is a residual 0% stenosis with TIMI grade 2 flow (partial perfusion).

**1st diagonal:** Normal-sized.

**1st obtuse marginal:** Normal-sized. *Ostial lesion:* There is a 40% stenosis.

**Right coronary:** Normal-sized, sluggish flow. No evidence of obstructive disease.

**Right posterior descending:** Normal-sized, sluggish flow. No evidence of obstructive disease.

**1st right posterolateral:** Normal-sized, sluggish flow. No evidence of obstructive disease.

**History:**
Risk factors:
· Hypertension. Diabetes mellitus; on therapy with oral hypoglycemics. Dyslipidemia. Family history is significant for coronary artery disease.

**Labs:** Serum creatinine (current admission) of 0.67 mg/dl. Hemoglobin (pre-procedure) of 15.9 g/dl.

**Allergies:** No known allergies.

**Consent:** The risks and alternatives of the procedures and conscious sedation were explained to the patient and

**Resendez, Joseph (082835709) – 5/13/2022**

informed consent was obtained.

**Study data:** Cardiac catheterization. Intervention. Administered medications: NITROGLYCERIN (IA), 300mcg, intra-arterially. Administered medications: Verapamil (Isoptin, Calan, Covera), 3mg, IV. Administered medications: Clopidogrel (Plavix), 600mg, PO. Administered medications: Eptifibatide (Integrilin), 10ml, bolus, IV. Administered medications: Midazolam, for a total dose of 2mg, IV. Administered medications: Fentanyl, for a total dose of 75mcg, IV. Administered medications: Heparin, for a total dose of 4500units, IV. Fluoroscopy time: 9.5 min. Fluoroscopy dose: 381 mGy. Total radiation dose: 381 mGy. Contrast: Omnipaque 70 ml (total dose). Omnipaque 55 ml (wasted).

**Procedure details:**

1. Initial setup. The patient was brought to the cath lab. The patient was placed on the table and planned puncture sites were prepped and draped in the usual sterile fashion.
2. Sedation. was administered.
3. Supplemental oxygen. Oxygen, 2 L/min was administered throughout the procedure.
4. Local anesthesia. 2% lidocaine (2 ml) was administered to the to the right wrist.
5. Right radial artery access. A 6F x 10cm GLIDESHEATH SLENDER sheath was advanced into the vessel.
6. A 260 cm GUIDERIGHT EXCHANGE GUIDEWIRE–0.035 wire was placed.
7. A 5 FR TIG Radial catheter was placed.
8. Selective left main angiography. A 5 FR TIG Radial catheter was advanced into the left main under flouroscopic guidance. Contrast was injected. Images were obtained using multiple projections.
9. Selective right coronary angiography. A 5 FR TIG Radial catheter was advanced into the right coronary under flouroscopic guidance. Contrast was injected. Images were obtained using multiple projections.
10. A stent was placed in the stenosis in the mid LAD. See detailed description below (1st lesion intervention).
11. A stent was placed in the stenosis in the proximal LAD. See detailed description below (2nd lesion intervention).
12. ACT was 263 sec.
13. Right radial artery hemostasis. The sheath was removed.

**Interventional Narrative:**

· **1st lesion:**

Percutaneous intervention on the 80% stenosis in the mid LAD.

1. Intravascular ultrasound evaluation.
2. ~~Stent placement. A 3.25 MM X 28 MM XIENCE SKYPOINT stent was used. The stent was advanced across the~~ lesion and deployed with a single inflation and a maximum pressure of 12 atm.
3. Intravascular ultrasound evaluation.

· **2nd lesion:**

Percutaneous intervention on the 80% stenosis in the proximal LAD. Stent placement. A 4.0 MM X 33 MM XIENCE SKYPOINT stent was used. The stent was advanced across the lesion and deployed with a single inflation and a maximum pressure of 11 atm.

**Hemodynamics:**

Circulatory function:

| Stage description | LV pressure s/d, ed | Aortic pressure s/d (m) |
|---|---|---|
| Condition 1 - | 80/12, 13, dP/dt=1000 mm Hg/s | 88/58 (71) |

**Resendez, Joseph (082835709) – 5/13/2022**

**Coronary anatomy:**



- LAD: Mid-vessel lesion: 80% stenosis. Stented; residual 0% stenosis (see 1st lesion intervention). Proximal vessel lesion: 80% stenosis. Stented; residual 0% stenosis (see 2nd lesion intervention).
- 1st obtuse marginal: Ostial lesion: 40% stenosis.


Electronically signed by:

Joumaa, Mouhammed MD
2022-05-19T07:44:59

Cardiology Progress Note                                                RESENDEZ, JOSEPH - 82835709
* Final Report *

*Tuesday*
*August 8, 2:30 pm*

| | |
|---|---|
| Result Type: | Cardiology Progress Note |
| Documentation Date: | May 14, 2022 12:59 EDT |
| Result Status: | Auth (Verified) |
| Result Title: | Cardiology Progress Note |
| Performed By: | Swisher, Jordan Edward DO on May 14, 2022 13:05 EDT |
| Verified by: | Swisher, Jordan Edward DO on May 14, 2022 13:05 EDT |
| Encounter info: | 828357092132, SJH, Inpatient, 5/12/2022 - 5/14/2022 |

# * Final Report *

## Assessment/Plan
**#Coronary artery disease s/p Stenting to prox and mid LAD**
- Aspirin 81mg, plavix
- Atorvastatin 40
- Lisinopril 5, Metoprolol succinate 12.5 QD
**#Diabetes Mellitus, Type 2**
- Continue home Metformin
**#HLD**
**-** Atorvastatin 40mg qHS

Plan
Continue asa, Plavix, statin ACE and BB
Follow up with cardiology in 1-2 weeks outpatient
Cardiac Rehab ordered
Outpatient echo

Stable for discharge from a cardiology perspective

## Subjective
No acute events overnight. Repeat EKG unremarkable. Pt feels well, has no complaints, and wants to go home today. He is able to ambulate around the room without issue.

## Objective

Vitals & Measurements

| | | |
|---|---|---|
| Systolic Blood Pressure: 130 mmHg | Oxygen Saturation: 93 % | Apical Heart Rate: 72 bpm |
| Diastolic Blood Pressure: 89 mmHg | | Peripheral Pulse Rate: 56 bpm Low |
| Clinical Weight (kg): 102.3 kg | Body Mass Index: 34 kg/m2 | Numeric Pain Score: 0 - No Pain |

**Temperature** (Temporal Artery)
96.9 deg F

**Heart Rate** (Apical)
72

**Blood Pressure**
130/89

**SpO2**
93%

**Weight**
102.3 kg

## Intake/Output/Balance

**05/14/2022**
**7a-3p**      Intake: 0   Output: 0   Balance: 0    As of 12:59

Cardiology Progress Note
* Final Report *

RESENDEZ, JOSEPH - 82835709

| | | |
|---|---|---|
| **3p-11p** | Intake: 0  Output: 0  Balance: 0 | |
| **11p-7a** | Intake: 0  Output: 0  Balance: 0 | |
| **Totals** | Intake: 0  Output: 0  Balance: 0 | |

**05/13/2022**

| | | |
|---|---|---|
| **7a-3p** | Intake: 480  Output: 0  Balance: 480 | |
| **3p-11p** | Intake: 250  Output: 1100  Balance: -850 | |
| **11p-7a** | Intake: 200  Output: 1000  Balance: -800 | |
| **Totals** | Intake: 930  Output: 2100  Balance: -1170 | |

**Physical Exam**
General: Overweight Hispanic male, Patient alert and oriented x3, Not in pain, no respiratory distress
HEENT: Non traumatic normocephalic, Sclera anictaric, no conjunctival pallor, No JVD
Cardio: Regular rate and rhythm, S1-S2 noted, no S3-S4, no murmur, clicks, rubs, Radial access site without hematoma
Pulmonary: Good air entry bilaterally, lungs clear to auscultation, no crackles, wheezes, rhonchi
Abdominal: Bowel sounds present, Soft, nondistended, no suprapubic tenderness nontender, no hepatosplenomegaly
Musculoskeletal: strength +5/5 in UE, pulses 2/4 distal upper and lower extremities, no Lower Extremity edema
Neurologic: No facial droop or slurring of words, EOMI, PERRLA, sensation intact to light touch in upper and lower extremities throughout, finger to nose testing unremarkable

**Lab Results**

| CBC/Coag/Blood Bank | Chemistry |
|---|---|
| WBC: 9.56 K/mcL | Glucose Random: 128 mg/dL |
| Hgb: 16.2 gm/dL | BUN: 10 mg/dL |
| Hct: 48.3 % | Creatinine: 0.71 mg/dL |
| Platelet: 187 K/mcL | BUN/CREAT Ratio: 14.1 |
| PTT: 30.6 second(s) | Sodium Level: 134 mmol/L Low |
| | Potassium Level: 4.1 mmol/L |
| | Chloride: 102 mmol/L |
| | CO2: 23 mmol/L |
| | AGAP: 9 mmol/L |
| | Calcium: 9 mg/dL |

**Microbiology**

**Diagnostic Results**

Radiology
**RADIOLOGY IMPRESSIONS**
**XR Chest 2 Views**
IMPRESSION: No acute findings in the chest
Electronically signed by : Laufer , Frederick James MD on: 05/12/2022 02:04

Cardiology
Electrocardiogram-EKG (INT): Electrocardiogram-EKG (INT) (05/14/22 05:02:25)

**Antibiotics Nearing Automatic Stop Dates**

**Medications**
Inpatient
acetaminophen, 650 mg= 2 tab(s), PO (oral), q6h, PRN
Al hydroxide/Mg hydroxide/simethicone, 30 mL, PO (oral), q4h, PRN
aspirin, 81 mg= 1 tab(s), PO (oral), qDay
atorvastatin, 40 mg= 1 tab(s), PO (oral), at bedtime
clopidogrel, 75 mg= 1 tab(s), PO (oral), qDay
Dextrose 50% in Water, 50 mL, IV Push, AsNeeded, PRN
Insulin Aspart (NovoLOG) Sliding Scale (Low Dose), Low, SubCUTANEOUS, qidMealsHS
lisinopril, 5 mg= 1 tab(s), PO (oral), qDay
nitroglycerin sublingual, 0.4 mg= 1 tab(s), SubLINGUAL, q5min, PRN

Cardiology Progress Note
* Final Report *

RESENDEZ, JOSEPH - 82835709

    ondansetron injection, 4 mg= 2 mL, IV Push, q6h, PRN
    Sodium Chloride 0.9% Bolus, 306 mL, 3 mL/kg, Bolus IV, Once
    Toprol-XL, 12.5 mg= 0.5 tab(s), PO (oral), qDay

**Signature Line**
Electronically Signed on 05/14/2022 13:05 EDT

_____

Swisher, Jordan Edward DO

# STATE OF MICHIGAN

## IN THE OAKLAND COUNTY CIRCUIT COURT

JOSEPH RESENDEZ,                                    THE HON MARTHA ANDERSON

     **Plaintiff,**                                         CASE NO. 2023-198777-CD

**VS**

**FCA US LLC, STEVEN SANFORD,**
**CHELSEA MILLSAP, ROY RODRIGUEZ,**
**AND ROBERT WAGNER,**
**Jointly and Severally,**

     **Defendants.**

_____

_____/
LEDERMANLAW, PC
BY: Howard Yale Lederman (P36840)
Attorneys for Plaintiff
838 West Long Lake Road, Suite 100
Bloomfield Hills, Michigan 48302
(248) 792-0476
hledermanlaw@gmail.com

_____/

## FIRST AMENDED COMPLAINT

# EXHIBIT 14

resendezj\exhibit 14 05 16 23

**To: Whom it may concern**

**From: Joseph Resendez**

**Matter: A matter of life, or death**

**Date 5/17/2022**

**May 17, 2022 11:15 PM,** I texted Steve Sanford, " Steve I'm not feeling too hot, I'm going to medical, and hope it's in my mind."

**11:43 PM,** I was rushed to emergency.

**12:39 AM,** Steve texted, " Joe you should have notified a Supervisor you were leaving  your work area we just talked about this also we have to write you a medical pass to go to MN Medical I called Chris and Jen to see if you reported to them you were leaving and they said no."

As you can see I told him. I was not about to wait while he lolly gags with employees, and take his sweet time getting to the office, and then wait for him to write up some piece of paper. **Seconds count.** I was not about to wait on him. **The word emergency is exactly what it means.**

Steve is apathetic, and the text was nothing shy of harassment. What kind of man harasses a man in emergency? A very sick twisted individual. I was gone for an hour, there was no possible way he didn't know. On April 30th, 2022 he was doing nothing but cutting me down. "Everyone knows how to run paint, they learn it in two weeks. You're the only one that doesn't know. Do you have an answer for that?" Sean Cristofori liked to play one man team and wouldn't explain anything, and Steve was ok with that until Sean came in late, or missed time. Then he would get mad at me because I didn't know. He does not like me, and Rodney Fear told me, " I heard it through the grapevine that he wants to get rid of you, so be careful."

Steve wants me to notify him whenever I leave the work area, no one in the whole shop has to do that. I hear, " what's you 20? I'm in the cafeteria." If I have to do it, then so should everyone else. The harassment is recurrent and needs to be addressed. I have pleaded with Frank Nassick to get me out of there, because it's tough going to work every day having to be bullied. Steve is a very unscrupulous person, I mean why would he text me while I'm in the hospital sick? Not everyone is a good supervisor. A good supervisor brings people up, and compliments them to improve. Then they want to work hard for that person. Supervisor is a title, not a badge to play bully. I really don't see this getting any better, and can only speculate that this will only get worse, and quite possibly lose my job.

I really don't know what goes through his head, because his actions begs the question why would I want to do him any favors?

**May 6, 2022 6:36 AM,** I was just getting home and receive this text from a number I was not familiar with, "Hey Joe Andrew just called me wants to know if you could switch from working early today to working over they are running 4 hours production on Saturday morning?" Steve Sanford.

I have tried my best to get him to like me, and get along with him, but he has to sling his authority around like he's some kind of master. I don't ask for much, I just ask for a little respect. When the time comes I work hard, and don't ask for anyone's help. I have learned more from Brett Walla, and Scott Bohm in 15 minutes than I have learned my whole career there. Not everyone is a good teacher, and not all supervisors are good.

What do you say to a dead man, sorry? Some things once is too many. The consequences were too severe, and Steve does not understand this.